## THE COCKATOO.

## MORECRAFT TRANSP. CO. v. GOODWIN-GALLAGHER SAND & GRAVEL CORPORATION.

### No. 70.

Circuit Court of Appeals, Second Circuit.
Jan. 4, 1932.

Barry, Wainwright, Thacher & Symmers, of New York City (Earle Farwell, of New York City, of counsel), for appellant.

Macklin, Brown, Lenahan & Speer, of New York City (Horace L. Cheyney, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The libelant's tug Paoli with the barge Malvern, also owned by the libelant, on her port side, bound from Guttenberg, N. J., to Boston, Mass., entered the channel between North Brothers Island and South Brothers Island on June 30, 1925, just as, or just after, for the evidence leaves that uncertain, the claimant's tug Cockatoo, with a hawser tow of four sand scows in two tiers, entered the opposite end of the channel on her course from Riker's Island to a stake boat off the Statue of Liberty. The two scows in the first tier were loaded. Of the two in the second tier, one was loaded and one was light. It was daylight. The weather was clear, the tide ebb, and the wind strong northwest. No signals were exchanged. The tugs passed port to port with from 40 to 50 feet of water between them in a channel approximately 300 feet wide. Then the captain of the Paoli, being fearful that he could not pass the Cockatoo's tow in safety because that was tailing over to starboard under the influence of the wind and tide, reversed his engines. There was no collision. The Cockatoo and her tow continued on her course without incident, but the Malvern stranded on South Brothers Island and was somewhat damaged, although she was pulled off by her tug and taken to Boston without repairs. Both tugs were held at fault in the District Court, and the Paoli did not appeal. It is certain that the wind and tide did not permit the Cockatoo to hold back safely at the entrance to the channel and as certain that the Paoli, which was running against them, could have done so. Indeed, the finding of fault from which no appeal was taken was based on the Paoli's failure so to do. The reason for holding the Cockatoo is not stated. Perhaps it was thought that she failed to obey article 25 of the Inland Rules which provides that "In narrow channels every steam vessel shall, when it is safe and practicable, keep to that side of the fairway or midchannel which lies on the starboard side of such vessel." If so, we do not agree, for the burden was on the libelant, and the evidence was not sufficient to carry the burden. When the captain of the Paoli was asked which side of the channel the Cockatoo favored as she came down, he answered, "Well, she seemed to be favoring about the center of the channel." Even this was contradicted by the evidence of the Cockatoo, which put her well over to her starboard side. We believe the evidence fairly shows that, while the tow of the Cockatoo did tail over somewhat toward South Brothers Island, the captain of the Paoli well knew when he elected to enter that that was a condition which he would encounter there; that even after he entered he could safely have

proceeded without reversing, and that the stranding of the Malvern was entirely due to the fault of the Paoli. If prior fault could be ignored and the captain of the Paoli be said to have acted in extremis when he reversed, it is immaterial in this case, as the libelant would gain nothing by finding a legal excuse for that action. The consequences of the act cannot be charged to the Cockatoo, for no fault of the Cockatoo induced the maneuver.

Decree modified to hold the Paoli solely at fault.